No. 23,645.

THE FARMERS UNION & COÖPERATIVE ASSOCIATION, *Appellant*, v. JOHN BARTON PAYNE, as Agent of the FEDERAL ADMINISTRATION OF RAILROADS, *Appellee*.

SYLLABUS BY THE COURT.

CAR OF WHEAT—*Bill of Lading with Draft Attached—Draft Paid—Title Passed to Purchaser—Action to Recover Loss of Wheat—Real Party in Interest.* Plaintiff loaded a car of wheat at Wilsey under a "shipper's order bill of lading" consigned to plaintiff at Salina, "notify the Hutchins Grain Company," and drew a draft of $3,000 on the purchaser, indorsed it in blank, attached it to the bill of lading, deposited the draft in the bank and received credit for the amount, the draft having been paid by the purchaser. When the car arrived at Salina it was weighed and found to contain 27,570 pounds less than the amount loaded. Retaining the $3,000, the shipper sued the railway company to recover for the loss of the wheat. *Held,* that title passed to the purchaser upon the payment of the draft (*Bennett v. Railway Co.,* 106 Kan. 95, 186 Pac. 1005; on rehearing affirmed, 107 Kan. 17, 190 Pac. 757), and the plaintiff not being the real party in interest, a demurrer to the evidence was rightly sustained.

Appeal from Morris district court; ROSWELL L. KING, judge. Opinion filed April 8, 1922. Affirmed.

*Edwin Anderson,* of Council Grove, for the appellant.

*W. P. Waggener, Walter E. Brown,* both of Atchison, and *W. J. Pirtle,* of Council Grove, for the appellee.

The opinion of the court was delivered by

PORTER, J.: On October 15, 1919, plaintiff loaded a car of wheat at Wilsey, Kan., and shipped the same over defendant's railway to Salina. It had sold the wheat to the Hutchins Grain Company of Salina at $2.22 per bushel, basis Kansas City, which would net $2.14 per bushel at Wilsey; inspection and weights at destination to govern. When the wheat was loaded plaintiff drew a draft for $3,000 on the Hutchins Grain Company, indorsed in blank and attached to the bill of lading, which it deposited in the bank, and received credit for the amount, which plaintiff retains, the draft having been paid by the Hutchins Grain Company. The wheat was shipped on what is known as "shipper's order bill of lading," consigned to plaintiff at Salina, "notify the Hutchins Grain Company." When the wheat was weighed at Salina on the 20th of October by the state grain and weighing department, the car was found to con-

Coöperative Association v. Railroad Co.

tain 27,570 pounds less than the amount loaded by plaintiff. This action was to recover for the loss of the wheat. The answer was a general denial. The court sustained a demurrer to plaintiff's evidence and the appeal is from this order and the overruling of a motion for a new trial.

The manager of plaintiff company testified:

"This draft was for 89,100 pounds of wheat. This car was shipped on what is known as shipper's order bill of lading and consigned to us at Salina, notify the Hutchins Grain Company . . . When we drew this draft of $3,000 we attached a bill of lading to the draft and have not seen the bill of lading since. We deposited this draft in the bank the day following the loading of the wheat, got the money on it and still have the money."

The plaintiff proved in addition to the facts already stated, that on the 16th of October, 1919, wheat was worth at Salina from $2.14 to $2.16 per bushel, and offered evidence to show that if the car had contained the full amount of the wheat weighed into it, it would have brought $3,000 at the point of destination. An objection to this testimony was sustained. The plaintiff's manager was asked whether anyone had put in a claim against plaintiff for the shortage on the wheat. An objection was sustained to this question, and also to the following:

"Q. Have you agreed to pay anyone?"

"Q. Are you now out of money on account of the alleged shortage of this wheat?"

The affidavit of plaintiff's manager in support of the motion for a new trial showed that by reason of the shortage there was actually due plaintiff from the purchaser at the time the draft was paid only the sum of $2,257.01; that had defendant delivered all the wheat there would have been due plaintiff in addition to the $3,000 the sum of $176.55 from the proceeds of the sale of the wheat; and further, "that by reason of the failure of defendant to deliver all of said wheat plaintiff became indebted to said consignee by reason of its having paid said draft in the sum of $742.99; that the total loss to plaintiff by reason of defendant's failure to deliver all of said wheat is $919.54."

It has been held that under a shipment of a car of grain "consigned by the seller to himself, 'notify the purchaser,' the bill of lading having attached thereto a customer's draft drawn by the seller on the purchaser and sent to a bank for collection, the title

7—111 KAN.

does not pass to the purchaser until the draft is paid and the bill of lading surrendered, in the absence of evidence to overcome the presumption that this was the intention." (*Bennett v. Railway Co.,* 106 Kan. 95, syl. ¶ 1, 186 Pac. 1005; on rehearing affirmed, 107 Kan. 17, 190 Pac. 757.)

Under the decisions cited the title to the wheat passed to the purchaser upon the payment of the draft. The real party in interest, therefore, was the consignee who purchased and paid for more wheat than it received. The defendant, if compelled to pay a judgment in this case in favor of plaintiff, might still be sued by the consignee upon the same cause of action. That being true, the plaintiff was not the real party in interest and the demurrer was rightly sustained.

The judgment is affirmed.